1
2
3
4
5
6                      UNITED STATES DISTRICT COURT

7                           DISTRICT OF NEVADA

8                                  * * *

9   DEMEITRUS PATTERSON,                    Case No. 3:15-cv-00392-HDM-WGC

10                             Plaintiff,              ORDER

11          v.

12   BRIAN WILLIAMS, et al.,

13                             Defendants.

14          Demeitrus Patterson's *pro se* habeas petition under 28 U.S.C. § 2254 is before

15   the court on respondents' motion to dismiss several grounds as unexhausted or

16   duplicative (ECF No. 9).  Patterson did not file an opposition, but filed what he styled as

17   a motion to stay these proceedings (ECF No. 14).  Respondents opposed the motion to

18   stay (ECF No. 15).

19   **I.      Procedural History and Background**

20          On August 25, 2010, a jury convicted Patterson of counts I and II: robbery with the

21   use of a firearm; count III: burglary; and count IV: unlawful possession of a firearm with

22   an obliterated serial number (exhibit 30).[1]  The state district court sentenced him as

23   follows:  count 1 – 48 to 180 months, with a consecutive term of 24 to 120 months for

24   the elder enhancement; count II - 48 to 180 months, with a  consecutive term of 24 to

25   120 months for the elder enhancement; count III – 48 to 120 months; and count IV – 12

26   to 34 months, with counts I, II, and III to run consecutively and count IV to run

27

28   _____
     [1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 9, and are found at ECF No. 10.

                                          1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

concurrently with counts I-III.  Exh. 37.  Judgment of conviction was entered on October 28, 2010.  *Id.*

On appeal, the Nevada Supreme Court reversed Patterson's conviction in part, ordering the district court to vacate the elder enhancement originally applied to count II. Exh. 53, pp. 2-3.  The state supreme court affirmed the remaining convictions and sentences.  *Id.* at 3.  The state district court filed a corrected judgment of conviction on October 4, 2011.  Exh. 60.

On November 7, 2011, Patterson filed a pro per state postconviction petition for habeas corpus.  Exh. 63.  The state district court appointed counsel, and Patterson filed a supplemental petition.  Exh. 70.  After an evidentiary hearing, the state district court denied the petition.  Exh. 89.  The Nevada Supreme Court affirmed the denial of the petition on November 12, 2014, and remittitur issued on December 8, 2014.  Exhs. 105, 106.

On or about November 2, 2015, Patterson dispatched his federal habeas petition (ECF No. 7).  Respondents now argue that several grounds are duplicative or unexhausted (ECF No. 9).

## II.    Legal Standard for Exhaustion

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) The applicant has exhausted the remedies available in the court so the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to

the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).  The

exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

## I.      Instant Petition

### Ground 1

In ground 1, Patterson raises eight claims that ineffective assistance of trial counsel violated his Sixth and Fourteenth Amendment rights (ECF No. 7, pp. 3-4).  Respondents argue that the following sub-parts are unexhausted.  Patterson contends that trial counsel rendered ineffective assistance by failing to: ground 1.1 - present a defense during trial; ground 1.2 - properly investigate his case; ground 1.3 - interview witness Antonio Davis; ground 1.4 - dedicate appropriate time to Patterson's trial; ground 1.6 - have the firearms in the case tested for fingerprints or DNA; and ground 1.7 - file a motion to dismiss based on inconsistent identification evidence from the victims.  *Id*.

On appeal of the denial of his state postconviction petition, Patterson presented two ineffective assistance of trial counsel claims to the Nevada Supreme Court:  counsel failed to call either alibi witness at trial and counsel failed to put on any mitigating evidence at sentencing.  Exh. 101, pp. 14-16.

Therefore, respondents are correct that Patterson did not present federal grounds 1.1. 1.2, 1.3, 1.4, 1.6, and 1.7 to the Nevada Supreme Court.  Accordingly, these sub-parts of ground 1 are unexhausted.

Respondents do not challenge the remaining claims in ground 1 as unexhausted.  Thus, to clarify, the sole claim in ground 1 (which Patterson sets forth redundantly as ground 1.5 and ground 1.8) that is exhausted is the claim that defense counsel was ineffective for failing to call Patterson's two alibi witnesses to testify (ECF No. 7, p. 4).

4

**Ground 2**

Patterson argues that his Sixth and Fourteenth Amendment fair trial rights were violated because the evidence of the victims' identification of Patterson was inconsistent (ECF No. 7, p. 6).

Patterson raised the following claims on direct appeal:  I – the trial court erred by denying his motion for a continuance just prior to trial; II – no evidence supported the elder enhancement as to one of the two victims; and III – insufficient evidence supported his conviction for possession of a firearm with an obliterated serial number. Exh. 50.  Respondents are correct that Patterson never presented federal ground 2 to the Nevada Supreme Court.  *See* exhs. 50, 101.  Ground 2 is, therefore, unexhausted.

**Ground 3**

Patterson contends that his Sixth and Fourteenth Amendment fair trial rights were violated when: ground 3.1 - defense counsel failed to call Davis as a witness; ground 3.2 - the victims provided inconsistent testimony about the color of one firearm used in the robbery; grounds 3.3, 3.5, 3.6 - the victims provided inconsistent testimony identifying Patterson as one of the robbers; and ground 3.4 – defense counsel failed to call Patterson's two proposed alibi witnesses (ECF No. 7, p. 8).

Ground 3.1 is duplicative of ground 1.3.  Grounds 3.3, 3.5, and 3.6 are duplicative of ground 2.  Thus, grounds 3.1, 3.3, 3.5, and 3.6 are all dismissed as duplicative of grounds raised in ground 1 and ground 2.[2]

Ground 3.4 is duplicative of the claims set forth in grounds 1.5 and 1.8.  Ground 3.4 is dismissed as duplicative.

Respondents are correct that the remaining claim in ground 3, ground 3.2, is unexhausted.

---

[2] These grounds are all also unexhausted.  *See* discussion, *infra* of federal grounds 1 and 2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Ground 4**

Patterson argues that his Sixth and Fourteenth Amendment fair trial rights were violated because insufficient evidence supported the verdict (ECF No. 7, pp. 10-11). Specifically, he contends: grounds 4.1, 4.4, 4.5 – insufficient evidence was presented that he possessed a firearm; and grounds 4.2 and 4.3 – there was insufficient evidence establishing Patterson's presence in the victim's apartment.

Patterson did not present grounds 4.2 and 4.3 to the Nevada Supreme Court, and they are unexhausted.  *See* exh. 50.

Respondents also argue that grounds 4.1, 4.4, and 4.5 were not properly presented to the Nevada Supreme Court as federal constitutional claims (ECF No. 9, pp. 9-10).  In his direct appeal, Patterson raised the claim that insufficient evidence supported his possession of the shotgun with obliterated serial numbers.  While he cited only a Nevada case, *Berry v. State*, 212 P.3d 1085 (Nev. 2009), the *Berry* case invoked state case law that relied on *Jackson v. Virginia*, 443 U.S. 307 (1979), for the well-established sufficiency of the evidence inquiry: "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  This court concludes that grounds 4.1, 4.4, and 4.5 were fairly presented as federal constitutional claims to the Nevada Supreme Court.  *See Peterson*, 319 F.3d at 1158 (citation to state case law that applies federal constitutional principles will suffice to apprise state courts of the federal constitutional nature of a claim).  These three sub-parts of ground 4 are, therefore, exhausted.

**Ground 5**

As ground 5.1, Patterson contends that his Sixth and Fourteenth Amendment fair trial rights were violated when the trial court denied his motion for a continuance just prior to trial (ECF No. 7, p. 13). In grounds 5.2 and 5.3, he argues again that the

evidence of the victims' identification of Patterson were inconsistent.  *Id*.  Grounds 5.2 and 5.3 are duplicative of ground 2 and are dismissed on that basis.

## II.    Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.  *Id*.  In the instant case, the court finds that grounds 1.1. 1.2, 1.3, 1.4, 1.6, 1.7, ground 2, ground 3.2, and grounds 4.2 and 4.3 are unexhausted.  Grounds 3.1, 3.3, 3.4, 3.5, 3.6, and grounds 5.2 and 5.3 are all dismissed as duplicative of other grounds.

Thus, the exhausted claims that are before this court are: grounds 1.5, 1.8, 4.1, 4.4, 4.5, and 5.1.  Because the court finds that the petition contains unexhausted claims, petitioner has these options:

> 1.      He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

> 2.      He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

> 3.      He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits.  *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted

claims are plainly meritless.  *Cf.*  28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

In this case, Patterson has filed what he styled a motion for stay of these proceedings (ECF No. 14).  However, in that motion, he both asks for a stay and expresses his wish to abandon the unexhausted claims.  Thus, that motion is denied without prejudice.  If petitioner wishes to ask for a stay, he must file a new motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless.  Respondent would then be granted an opportunity to respond, and petitioner to reply.  Or, Patterson may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed.  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### III.   Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 9) is **GRANTED** in part as follows:

Grounds 1.1. 1.2, 1.3, 1.4, 1.6, 1.7, ground 2, ground 3.2, and grounds 4.2 and 4.3 are **UNEXHAUSTED**.

Grounds 3.1, 3.3, 3.4, 3.5, 3.6, and grounds 5.2 and 5.3 are all **DISMISSED** as duplicative.

Grounds 1.5, 1.8, 4.1, 4.4, 4.5, and 5.1 are **EXHAUSTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to stay (ECF No. 14) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: 3 February 2017.

_Howard D McKibben_

_____

HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE